Edward G-. Baker, J.
Application to vacate and set aside wage assignment and for refund of moneys collected thereunder, is granted.
There was no sufficient compliance with subdivision (b) of section 46-c of the Personal Property Law which requires that the assignment “ shall, either in its text or in a writing permanently attached thereto, identify specifically and describe fully the transaction to which it relates ” (emphasis supplied). The words ‘ ‘ Fire alarm system ’ ’ over the line in the assignment labeled “ (Description of Goods sold and/or services performed by the Dealer) ” are not compliance therewith, nor, evidently, were they intended to be. Respondent contends that there was physically attached to the assignment a duplicate original of the so-called “ contract ”, a photostat of which is annexed to the moving papers, and that the said contract contains an identification and description of the transaction sufficient to satisfy the statutory requirements. That the so-called “ contract ” does not “ identify specifically and describe fully the transaction to which [the assignment] relates,” is clear. Moreover, the affidavits of petitioner and his wife state, unequivocally, that no copy of the alleged assignment or of any other documents relating to the transaction were delivered to either of them, as required by section 46-e of the statute (except a copy of the contract). Their statements stand uncontroverted, the hearsay statements contained in the affidavit of Emil Tucker being insufficient to raise any issue in this respect.